**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**ABRAHAM JOHN MAPU, Defendant**

High Court of American Samoa
Trial Division

CR No. 78-96

January 23, 1997

Before KRUSE, Chief Justice, VAIVAO, Associate Judge, and
ATIULAGI, Associate Judge.

Counsel:      For Plaintiff, John W. Cassell, Assistant Attorney
General
For Defendant, Reginald E. Gates, Public Defender

Order Denying Defendant's Motion to Dismiss:

## FACTS

On or about October 16, 1996, customs officers at the Tafuna International Airport searched defendant's luggage in the course of routine inspections and found an 18 inch pipe, also known in the vernacular as a "bong," together with two packages of cigarette rolling paper. On November 4, 1996, defendant was charged with unlawful possession of a controlled substance; to wit, marijuana, in violation of A.S.C.A. §§ 13.1022 and 13.1006. On January 9, 1997, defendant filed a motion to dismiss and a hearing on the motion was held on January 17, 1997.

## DISCUSSION

■ In American Samoa, "it is unlawful for a person to possess a controlled substance." A.S.C.A. § 13.1022(a). Marijuana is a controlled substance within the meaning of § 13.1022(a). *See* A.S.C.A. § 13.1006. The statutory scheme that combats drug use also provides that "marijuana" means "all parts of the plant *Cannabis sativa L.,* whether growing or not; the seeds thereof; the resin extracted from any part of the plant and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds or resin." A.S.C.A. § 13.1001(h).

Defendant acknowledges that he was found in possession of an 18 inch bong with marijuana resin on its walls. However, he moves to dismiss the charge against him on the grounds that some state courts have inferred that a statute proscribing possession of a controlled substance assumes, as a matter of equity and common sense, that the quantity of the controlled substance be large enough for a person to use the controlled substance for its common purpose. Additionally, defendant posits that the statutory prohibition of possessing a controlled substance assumes that the substance will not be "residues, much altered from their original form." Under this second theory, a defendant will not be guilty of possessing a controlled substance if there is insufficient evidence to support an inference that the defendant knew of the presence and narcotic character of the residues.

We need not answer the first question of law defendant has presented. Even if this court were to find that the statute only forbids possession of a "usable" amount of marijuana, *see, e.g., People v. Leal,* 413 P.2d 665, 670 (Cal. 1966), there is sufficient evidence in the record for a reasonable fact-finder to conclude that the marijuana resin was of sufficient quantity that one could chip the resin off the bong and smoke it for hallucinogenic effect, i.e., use it for its common purpose.

■ Second, we categorically reject the proposition that marijuana must appear in its "recognizable" or "customary" form for an individual to be

149

guilty of unlawful possession of marijuana. *See, e.g., Id.,* 413 P.2d at 668 (Cal. 1966); *People.v. Melendez,* 225 Cal. App. 2d 67, 72, 37 Cal. Rptr. 126, 130 (Cal. Ct. App. 1964); *People v. Aguilar,* 223 Cal. App. 2d 119, 121-23, 35 Cal. Rptr. 516, 518 (Cal. Ct. App. 1963). The Fono has explicitly included marijuana resin as a disallowed controlled substance and did not distinguish between typical and atypical forms of marijuana resin. Accepting defendant's argument would frustrate underlying legislative policy unequivocally expressed by providing an easy legal loophole to individuals engaged in the consumption or sale of controlled substances, to avoid legal responsibility by simply modifying the controlled substance to give it an "unorthodox" look.

Finally, we are not impressed with defendant's contention that "there is insufficient evidence to support an inference that the defendant knew of the presence and narcotic character of the residues." The fact that marijuana resin was found on a "bong," an instrument which may be used for the consumption of marijuana, is sufficiently suggestive of knowledge not only as to the resin's presence but its narcotic character.

## CONCLUSION & ORDER

Defendant's arguments are unpersuasive. Accordingly, the motion to dismiss is hereby DENIED.

It is so ordered.